UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TOVARITCH SPIRITS INTERNATIONAL SA, | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) Case No. 4:11CV950 JCH ) |
| LUXCO, INC., | ) ) |
| Defendant(s). | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint, filed July 19, 2011. (ECF No. 9). The matter is fully briefed and ready for disposition.

**BACKGROUND**

Both Plaintiff, Tovaritch Spirits International SA ("Tovaritch"), and Defendant, Luxco, Inc. ("Luxco"), sell vodka. (Complaint for *De Novo* Review of Decision of Trademark Trial and Appeal Board ("Compl."), ¶¶ 3, 4). On June 26, 2001, Tovaritch applied to register the mark TOVARITCH with the United States Patent and Trademark Office ("USPTO"), for use in conjunction with the sale of vodka. (Id., ¶ 10). The registration eventually was granted on January 9, 2007. (Id., ¶ 13). On March 9, 2007, Luxco, concerned that Tovaritch's mark was likely to cause confusion with its TVARSCKI and TV marks, filed a petition to cancel Tovaritch's newly registered mark with the USPTO's Trademark Trial and Appeal Board ("TTAB"). (Id., ¶¶ 1, 14, 15). On March 24, 2011, the TTAB ruled in favor of Luxco, finding TOVARITCH confusingly similar to TVARSCKI, and ordering Plaintiff's mark cancelled. (Id., ¶ 18 and att. Ex. A).

On May 24, 2011, Tovaritch brought the current action seeking review of the TTAB's decision pursuant to 15 U.S.C. § 1071(b)(1). (Compl., ¶¶ 1, 21). As stated above, Luxco filed the

instant Motion to Dismiss on July 19, 2011, arguing the action is time-barred. (ECF No. 9).

## DISCUSSION

In its Motion to Dismiss, Luxco asserts that under the applicable statute and regulation, a dissatisfied party to a TTAB decision has sixty days to bring a civil action in federal district court. For its part, Tovaritch maintains the time period is two calendar months. The distinction is critical in the present case, because Tovaritch commenced this action on May 24, seeking review of a March 24 TTAB decision – two calendar months but sixty-one days later. Accordingly, if the time period to file is calculated in months, Tovaritch's filing is timely; if it is calculated in days, the action is time-barred. For the reasons discussed below, the time period is to be calculated in months, not days, and therefore Tovaritch's filing is timely.

The starting point for any question of statutory interpretation is the language of the statute itself. United States v. McAllister, 225 F.3d 982, 986 (8th Cir. 2000) (quoting United States v. S.A., 129 F.3d 995, 998 (8th Cir. 1997)). The Court's "'objective in interpreting a federal statute is to give effect to the intent of Congress.'" Id. (quoting United States v. Vig, 167 F.3d 443, 447 (8th Cir. 1999)). Further, unless there is "clearly expressed legislative intention to the contrary," the language of the statute is conclusive. Id.

15 U.S.C. § 1071(b)(1) provides in relevant part as follows: "Whenever a person...is dissatisfied with the decision of the Director or Trademark Trial and Appeal Board, said person may....have remedy by a civil action if commenced within such time after such decision, not less than sixty days, as the Director appoints..."[1] The statute alone thus does not prescribe the precise timeframe within which a party must seek judicial review of a TTAB decision; rather, it leaves the

---

[1] The district court then may "adjudge that an applicant is entitled to a registration upon the application involved, that a registration involved should be canceled, or such other matter as the issues in the proceeding require, as the facts in the case may appear." 15 U.S.C. § 1071(b)(1).

setting of the time period to the Director, instructing only that it be not less than sixty days.

The question of how long a dissatisfied party to a TTAB proceeding has to file a civil action is answered by regulation. The applicable regulation is 37 C.F.R. § 2.145, which provides in relevant part that "[t]he time … for commencing a civil action [seeking judicial review of a TTAB decision] is two months from the date of the decision of the Trademark Trial and Appeal Board." See 37 C.F.R. § 2.145(d)(1). The regulation continues to provide that, "[t]he times specified in this section in days are calendar days. The times specified herein in months are calendar months except that one day shall be added to any two-month period which includes February 28." 37 C.F.R. § 2.145(d)(2).

When interpreting a regulation, the Court's "inquiry begins with the regulation's plain language," and the Court looks to see "'whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.'" Solis v. Summit Contractors, Inc., 558 F.3d 815, 823 (8th Cir. 2009) (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997)). Further, "'[t]he Court will avoid an interpretation of a [regulation] that renders some words altogether redundant,'" Id. (quoting United States v. Alaska, 521 U.S. 1, 59 (1997)), and the Court "should 'avoid a [regulatory] construction that would render another part of the same [regulation] superfluous.'" Id. (quoting United States v. Stanko, 491 F.3d 408, 413 (8th Cir. 2007)).

Applying these principles to the regulation at hand, it becomes clear that the time a party has to contest a TTAB decision is two calendar months – not sixty days. The language of the regulation clearly states that a party has two months after the decision of the TTAB to file a civil action. The regulation goes on to provide that "times specified in this section in days are calendar days" and "times specified herein in months are calendar months." 37 C.F.R. § 2.145(d)(2). The Court finds this language is meant to address the very issue raised by Luxco here – the meaning of the phrase "two months." In other words, because the regulation gives a party two months to challenge a TTAB

decision, not sixty days, 37 C.F.R. § 2.145(d)(2) requires that those two months be calculated in months, not days. Accordingly, by the plain meaning of the regulation, Tovaritch had two calendar months to file for review.[2]

While the plain meaning of the regulation would seem dispositive, both parties cite to the change in 37 C.F.R. § 2.145 as further, relevant evidence of its meaning. Until 1989, the time period for filing a civil action challenging a TTAB decision was sixty days, not two months. See Amendment of Rules Concerning Judicial Review of Decisions of the Trademark Trial and Appeal Board, 54 Fed. Reg. 29548 (July 13, 1989). The regulation was amended in 1989, however, "[i]n order to simplify calculation of the time for seeking judicial review." Id. at 29550. As the USPTO's commentary on the 1989 amendments explains:

> Some problems have been noted with respect to the time for seeking judicial review in days. Miscalculations of the statutory sixty-day time period have resulted in filing untimely requests for judicial review. In order to simplify calculation of the time for seeking judicial review, §... 2.145(d)(1) specif[ies] two months. The two-month period meets the sixty-day requirement of...15 U.S.C. 1071(a)(2) and (b)(1) except for time periods which include February 28. In order to comply with the sixty-day requirement, §....2.145(d)(2) provide[s] that an additional day shall be added to any two-month period for initiating judicial review which includes February 28. *Appeals will always be timely if the judicial review is initiated within two months of the final decision.*

(Id. (emphasis added)).

Upon consideration of the foregoing, the Court finds the attempted simplification of the regulation was just that – a simplification. In other words, instead of requiring parties to count sixty

---

[2] The Court's conclusion is consistent with reading the regulation so as to "'avoid a [regulatory] construction that would render [a] part of the … [regulation] superfluous.'" Solis, 558 F.3d at 823 (quoting Stanko, 491 F.3d at 413). If the court were to read 37 C.F.R. § 2.145(d)(1) as equating two months and sixty days, there would be no reason for 37 C.F.R. § 2.145(d)(2)'s specification that times referred to in days are to be calculated in days, and those referred to in months are to be calculated in months. Thus, rather than rendering 37 C.F.R. § 2.145(d)(2) entirely superfluous, the Court finds a difference between the two must be maintained.

days from the date of a TTAB decision, the revised regulation allows them to count two months instead. Given the mandate of 15 U.S.C. § 1071(b)(1) that the time limit for seeking judicial review be "not less than sixty days," however, the simplified calculation method would run afoul of the statute in time periods including February 28.[3] In order to address this problem, the regulation provides for an extra day whenever the time period includes February 28.

Finally, Luxco asserts that courts consistently have interpreted "two months" to mean "sixty days." Luxco offers no controlling authority for its conclusion, however, but rather cites to multiple cases that seem to use the two terms interchangeably. For example, Luxco relies principally on Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622 (9th Cir. 1991). In Alltrade, both parties to a TTAB decision brought actions in different federal district courts following a decision canceling Alltrade's mark. Defendant Uniweld first brought suit in the United States District Court for the Southern District of Florida, raising a variety of statutory and common law claims, while also seeking review of portions of the Board's decision it considered erroneous. Id. at 624. Alltrade then brought suit under 15 U.S.C. § 1071(b)(1) in the United States District Court for the Central District of California. Id. Holding that "the issues in the California action [were] duplicative of issues in the Action already before the Southern District of Florida," the California District Court applied the first-to-file rule and dismissed Alltrade's action. Id. The Ninth Circuit held the district court should have stayed the proceeding rather than dismiss it, in order to obviate any risk that Alltrade would be time-barred from refiling. Id. at 629.

Notably, Alltrade is really a case about the first-to-file rule, and the action that should be taken by a district court in situations where both parties to a TTAB proceeding seek review in separate

---

[3] In those time periods, the two-month calculation method would allow only fifty-nine days to seek judicial review, unless it were a leap year.

forums. In the course of its reasoning, however, the court in Alltrade noted that "[u]nder 15 U.S.C. § 1071(b)(1), the deadline for seeking review of the Board's decision was sixty days from issuance, or February 12, 1990." Id. at 624. Importantly, the TTAB decision was issued on December 12, 1989, Id., and thus while the court stated the time to seek judicial review of the TTAB decision was "sixty days," it apparently determined the time period using the two-month calculation method.[4] At best, then, this Court finds Alltrade ambiguous as to how the time period should be calculated.

Luxco also cites to Patsy's Italian Restaurant, Inc. v. Banas, 508 F.Supp.2d 194 (E.D.N.Y. 2007). Again, this case does not squarely address the issue presented here. The only language relevant to this case in Patsy's, a thirty page decision, is as follows: "The time period to...commence a civil action [challenging a decision of the TTAB], is two months from the date of the decision. Therefore, as a party to a cancellation proceeding, [defendant] had sixty days from the May 27, 2003 order, or until July 28, 2003," to file. Id. at 211. This Court notes the same calculation issue present in Alltrade occurs here as well; in other words, while the court alternately stated the rule was "two months" and "sixty days," it continued to allow sixty-two days for filing, a time period consistent with neither interpretation.

Finally, Luxco cites to two other cases containing language that appears to support its contention: Grady v. Watson, 261 F.2d 752 (D.C. Cir. 1958), and Blue Man Productions, Inc. v. Tarmann, 2008 WL 6862402 (D.D.C. April 3, 2008). Grady clearly is not relevant, as it was decided well before the change in the regulation, at a time when there existed no doubt that the time to file was sixty days. As for Blue Man Productions, an unpublished decision from the United States District Court for the District of Columbia, the court merely paraphrased the statute as allowing sixty days to file an action challenging a TTAB decision, without actually calculating the last date the

---

[4] There actually are sixty-two days between December 12 and February 12.

plaintiff could have filed.[5]  Under these circumstances, the Court finds Blue Man Productions does not support Luxco's position here.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions pursuant to Fed.R.Civ.P. 11 (ECF No. 20) is **DENIED**.

Dated this  20th  day of October, 2011.

                                                /s/Jean C. Hamilton
                                                UNITED STATES DISTRICT JUDGE

---

[5] The calculation method used would not have affected the outcome of the case, as Blue Man's civil action was timely filed under either interpretation.